UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE PUGH,

          Plaintiff,

                                          Case No. 12-cv-12357

vs.                                     HON. GERSHWIN A. DRAIN

KELLY HOLDEN-SELBY, *et al.*,

          Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [#18]

      Presently before the court is Plaintiff's Motion for Reconsideration, filed on October 19, 2012.  Plaintiff moves for reconsideration of this Court's Order of Partial Dismissal as to Defendant Debra Scutt, filed on July 25, 2012.  *See* Dkt. No. 7.  For the reasons that follow, Plaintiff's Motion for Reconsideration is DENIED.

      Local Rule 7.1(h) governs Motions for Rehearing or Reconsideration. As an initial matter, Plaintiff's Motion for Reconsideration is untimely.  *See* E.D. Mich. L.R. 7.1(h)(1) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.")  Plaintiff filed the instant Motion for Reconsideration on October 19, 2012, well beyond the fourteen day deadline for filing motions for reconsideration.

      Additionally, Plaintiff has not demonstrated he is entitled to relief pursuant to Local Rule 7.1(h)(3), which provides:

      [M]otions for rehearing or reconsideration which merely present the same
      issues ruled upon by the court, either expressly or by reasonable implication,
      shall not be granted.  The movant shall not only demonstrate a palpable

defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(h)(3).  Plaintiff argues that Defendant Debra Scutt, Warden of the G. Robert Cotton Correctional Facility, should not have been dismissed from this action because she "signed off" on his grievances concerning his complaints in regard to his medical care.  The law is well settled that a § 1983 Plaintiff must allege the personal involvement of a defendant to state a cognizable claim under 42 U.S.C. § 1983.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (Section "1983 liability must be based on more than respondeat superior, or the right to control employees.").  Plaintiff has not alleged that Scutt "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* Therefore, Plaintiff has failed to demonstrate a palpable defect by which this Court has been misled, the correction of which will result in a different disposition of this Court's Order of Partial Dismissal. *See* E.D. Mich. L.R. 7.1(h)(3).

Accordingly, Plaintiff's Motion for Reconsideration [#18] is DENIED.

SO ORDERED.

Dated:  October 25, 2012

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served
upon attorneys of record on
October 25, 2012, by electronic mail.

/s/ Tanya Bankston
Deputy Clerk