**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TERRANCE PUGH,

    *Plaintiff,*                    CASE NO: 12-12357

*v.*                                    DISTRICT JUDGE GERSHWIN A. DRAIN
                                      MAGISTRATE JUDGE CHARLES E. BINDER

KELLY HOLDEN-SELBY,
JENNY ENGSTROM, RICHARD
CADY, JOYCE HUNTER,
RICHARD MILES,

    *Defendants.*
_____/

**REPORT AND RECOMMENDATION SUGGESTING
*SUA SPONTE* DISMISSAL OF DEFENDANT MILES AND
DENIAL OF PLAINTIFF'S MOTION TO AMEND**
(Doc. 17)

**I.    Recommendation**

For the reasons set forth below, I suggest that Defendant Richard Miles be *sua sponte* dismissed from the case without prejudice and that Plaintiff's Motion to Amend to add Corizon Corporation as a defendant be denied.

**II.    Report**

By order of U.S. District Judge Gershwin A. Drain, this *pro se* prisoner civil rights case was referred to the undersigned magistrate judge for general case management. (Doc. 25.)

Federal law provides that when a plaintiff is proceeding *in forma pauperis* ("IFP"), as is the case here, the U.S. Marshal, upon order of the Court, shall serve the summons and the complaint upon each defendant. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (an IFP plaintiff is relieved of the burden to serve process "once reasonable steps

have been taken to identify for the court the defendants named in the complaint"). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994).

This case was filed more than five months ago, and Defendant Richard Miles has not yet been served. Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff was notified (*see* Doc. 16) that on September 7, 2012, the waiver of service for Defendant Richard Miles was returned unexecuted. The text entry on the docket indicated that Defendant Miles was terminated from his contract employment with Corizon. Unsure of whether this defendant might be employed in another capacity with the Michigan Department of Corrections ("MDOC"), an order was entered directing the MDOC to provide the last known address of Defendant Miles directly to the U.S. Marshal's Service. (Doc. 10.) On September 24, 2012, however, the Court received a letter from MDOC clarifying that Defendant Miles is not one of their employees and therefore they are unable to provide an address. Thus, the Court notified Plaintiff that more information was needed in order for the Marshal to effect service of process. (Doc. 16.)

Plaintiff responded to the Court's notice by filing a motion to amend to add Corizon Corporation as a defendant. (Doc. 17.) Plaintiff states that he finds it hard to believe that the

MDOC and Corizon don't know how to find Defendant Miles, and asserts that "the MDOC, BHCS, as well as Corizon should be held accountable for Defendant Miles malpractice." (*Id.* at 2.)

"Futility of amendment" is one of the factors to be considered when deciding a motion to amend. *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)). In this case, I suggest that Plaintiff's motion to amend to add Corizon as a defendant be denied because it would be futile. Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *Monell v. Dep't of Soc. Svs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). An assertion that a defendant failed to supervise an employee and/or did not sufficiently respond to the situation is insufficient to state a claim under section 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Likewise, Plaintiff has not alleged facts showing that any injury he suffered was the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

Accordingly, I suggest that Plaintiff's motion to amend the complaint to add Corizon as a defendant be denied because Plaintiff has failed to state a claim against Corizon and thus the amendment would be futile. Additionally, because it is Plaintiff's responsibility to provide the Court with an address at which each defendant can be served and the Court is not in a position to use its resources to investigate the current location of a person against whom a *pro se* litigant

wishes to bring a federal court action, I suggest that Defendant Richard Miles be *sua sponte* dismissed without prejudice.

### III. <u>Review</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                               s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
                                               CHARLES E. BINDER
Dated: November 7, 2012                    United States Magistrate Judge

4

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Allan Soros, and served by first class mail on Terrance PUgh, #492273, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Dr., Muskegon Heights, MI, 49444.

Date: November 7, 2012     By     s/*Jean L. Broucek*
                                                Case Manager to Magistrate Judge Binder