UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE PUGH,

    Plaintiff,                                   Case No. 12-cv-12357
                                                 HON. GERSHWIN A. DRAIN

vs.

KELLY HOLDEN-SELBY, *et al.*,

    Defendants.

_____/

**<u>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [# 57],
GRANTING DEFENDANTS HOLDEN-SELBY'S AND CADY'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [# 21]</u>**

## I.    INTRODUCTION

Before the Court is a report and recommendation by Magistrate Judge Charles Binder, dated June 6, 2013. *See* Dkt. No. 57. Magistrate Judge Binder recommends granting Defendants Kelly Holden-Selby's and Richard Cady's Motion to Dismiss, or in the Alternative, for Summary Judgment. On June 19, 2013, Terrance Pugh filed objections to the magistrate judge's report and recommendation. *See* Dkt. No. 58. For the reasons set forth below, the Court accepts and adopts Magistrate Judge Binder's report and recommendation, overrules Plaintiff's objections, and grants Defendants' Motion.

## II.    PROCEDURAL AND FACTUAL HISTORY

On May 31, 2012, Plaintiff, a Michigan state prisoner, filed this § 1983 civil rights action asserting Eighth Amendment, retaliation, and state law claims against Holden-Selby, Jenny Engstrom, Cady, Joyce Hunter, Debra Scutt, and Richard Miles, all employees at the Michigan

Department of Correction's G. Robert Cotton Correctional Facility. Plaintiff alleges that he was improperly assigned to an upper-level cell, and because of the stairs he was required to navigate, he fell and injured himself. Plaintiff alleges that he had a right to an assignment in a ground floor, bottom bunk because of his medical condition and that, but for the deliberate indifference of the Defendants, Plaintiff would not have been injured. Plaintiff also alleges that he was given a wheelchair that was too small for him, which broke and was not replaced for some time. Defendants Debra Scutt and Richard Miles have been dismissed from this cause of action. *See* Dkt. Nos. 7 and 30.

The incidents giving rise to this action began on April 13, 2011, when Plaintiff was transferred to the G. Robert Cotton Correctional facility. Upon his arrival at the facility, he was assigned to an upper-level, top bunk cell. Plaintiff told the officers at the facility that he had a medical order requiring him to receive a ground-floor, bottom bunk cell because of a broken foot, but Defendants did not switch Plaintiff's assignment. Plaintiff filed grievance number JCF-11-05-0889-03f after this incident, alleging that Defendant Holden-Selby "disrespected" him by telling him he should lose weight.

Shortly after his arrival, on May 9, 2011, Plaintiff fell down about five or six stairs, causing injury to his back and reinjuring his foot. Plaintiff was brought to the hospital because of the injury, and when he returned to the facility, he was reassigned to Level IV housing from Level II housing because there was no available cell in Level II to accommodate Plaintiff. Plaintiff contends that there were appropriate cells available and that the reassignment was in retaliation for prior complaints. Plaintiff was moved back to Level II housing once space was made available. Because of this reassignment, Plaintiff filed grievance number JCF-11-05-0890-21c, where he complained that the transfer was cruel and unusual punishment.

Plaintiff was subsequently issued a wheelchair because of his injury. Shortly after receiving the wheelchair, however, one of the wheels broke, leaving only three working wheels. Plaintiff informed the officials at the facility that the chair was broken, but there was no replacement available, and it could not be fixed on site. The officials informed Plaintiff that he could either stop using the wheelchair or he could use it with three wheels. Plaintiff filed grievance number JCF-11-07-1495-12i3, where he alleged that leaving him with a broken wheelchair that "[caused his] ribs to hurt from being stuffed in it" was a form of cruel and unusual punishment.

Because the wheelchair was broken, Plaintiff fell and injured himself and was brought to the hospital once again. The medical records show that Plaintiff suffered a mild concussion as a result of this accident.

Plaintiff also filed a number of other grievances, but they are irrelevant to the matters presently before this Court.

### III.   ANALYSIS

#### A.   Standard of Review

The standard of review to be employed by the Court when examining a report and recommendation is established in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

**B.     Report and Recommendation Regarding Defendants Holden-Selby's and Cady's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [# 21]**

The magistrate judge recommended that Defendant Cady be dismissed because Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) as to any claim asserted against him. Additionally, the magistrate judge recommended that Defendant Holden-Selby is entitled to a judgment as a matter of law because Plaintiff only properly exhausted his administrative remedies as to one grievance against Defendant Holden-Selby, and Plaintiff has failed to provide enough evidence of an intent to punish to support that claim. The Court agrees with these recommendations. Plaintiff successfully exhausted his administrative remedies as to seven grievances; however, none of the properly exhausted grievances that are alleged in Plaintiff's complaint mention Defendant Cady, and the only relevant grievance that mentions Defendant Holden-Selby is unsupported by evidence. Therefore, the magistrate judge properly concluded that the Defendants' Motion should be granted.

Prisoner civil rights claims like the present claim are subject to the Prison Litigation Reform Act. This act states that "[n]o action shall be brought with respect to prison conditions under § 1983… by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to exhaust a claim, the prisoner must follow all of the steps of his correctional facility's grievance process, because he "cannot abandon the process before completion and claim that he exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Prisoners must properly exhaust their claims, which means complying with the facility's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81 (2006).

4

The Michigan Department of Corrections' procedure for grievances has three official steps. *See* MDOC Policy Directive ("PD") 03.02.130 (eff. July 9, 2007). Prior to filing the grievance, an inmate must attempt to verbally resolve the dispute with those involved within two days. MDOC PD 03.02.130(P). If the attempt is impossible or unsuccessful, the inmate must submit a Step I grievance form within five days. MDOC PD 03.02.130(v). If the grievance is accepted, the prison staff is required to respond in writing within fifteen days. MDOC PD 03.02.130(X). If the inmate is not satisfied with the result, or did not receive a response, he must file a Step II appeal within ten business days. MDOC PD 03.02.130(BB). If the inmate is not satisfied with the response or does not receive a response within fifteen days, he must submit a Step III appeal to the Prisoner Affairs Section. MDOC PD 03.02.130(FF). Once he has filed the Step III appeal, the prisoner has completed the administrative grievance process and fully exhausted his remedies.

Of the seven properly exhausted grievances, only one grievance relevant to Plaintiff's claim mentions Defendant Holden-Selby. Furthermore, in order to state a claim pursuant to § 1983, Plaintiff must demonstrate that a person acting under color of state law deprived him of his federal rights. 42 U.S.C. § 1983. It is not enough for Plaintiff to merely allege a constitutional violation without support from material facts. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987). Plaintiff must show that each Defendant, through his own actions, violated the Constitution. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Since Plaintiff has not done this for either Defendant in this case, the report and recommendation is accepted and adopted.

**C.      Plaintiff's Objections [58]**

Plaintiff raises eight objections, which are somewhat unclear and merely reargue issues that the magistrate judge already addressed and rejected. The Court finds that none of the objections have merit; therefore, his objections are overruled.

Plaintiff's first objection is that Defendants Cady and Holden-Selby learned of various constitutional violations and did nothing. Plaintiff alleges that Defendants are in a supervisory role, and they therefore should be held liable for these violations, citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986). There is no supervisory liability for the failure to act in the Sixth Circuit. *See Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004) (holding that failure to correct the actions of subordinates was not enough to rise to the level of liability required under 42 U.S.C. § 1983). Furthermore, the present case is distinguishable from *Williams*. The defendant in *Williams* was the Superintendent of the prison and he upheld the guilty finding stemming from Plaintiff's disciplinary hearing even though the plaintiff was not allowed to call witnesses. *Id.* at 324. This was a violation of the plaintiff's due process rights, and therefore more than mere supervisory liability because the defendant was personally involved in the alleged conduct. *Id.* Therefore, this objection is unfounded.

Plaintiff's second objection complains that because he was given a wheelchair that was too small and because it was not replaced for some time after it broke, that this constitutes cruel and unusual punishment. However, according to documents furnished by Defendants, Plaintiff was only without a usable wheelchair for eleven days, and the delay was because there were no wheelchairs available. Furthermore, Plaintiff failed to mention either Defendant in his grievance for this issue. Therefore, these allegations are not properly exhausted.

Plaintiff's third objection is that the grievance forms create an affirmative link between the injuries he suffered and the actions of Defendants. However, Plaintiff must make a clear showing that each named Defendant was personally responsible for the actions listed in the complaint. Because Plaintiff only mentioned Defendant Holden-Selby in one grievance relevant to the complaint, he has only properly exhausted that particular claim against her. Similarly, because Plaintiff failed to mention Defendant Cady in any of the relevant grievances, he has exhausted no claims against Defendant Cady.

Furthermore, Magistrate Judge Binder sufficiently discussed the reasons why the one properly exhausted claim cannot survive summary judgment. The one exhausted claim is that Defendant Holden-Selby denied Plaintiff an assignment to a ground floor, lower bunk cell after he informed her of his medical needs. However, an Eighth Amendment violation only occurs when a plaintiff can show that a defendant acted with deliberate indifference to serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97 (1976). To show deliberate indifference here, Plaintiff must demonstrate Defendant Holden-Selby was aware of a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Plaintiff has not satisfied the subjective element because he has failed to provide evidence of Holden-Selby's culpable mental state required for deliberate indifference. In fact, Plaintiff's Transfer Order did not have any special handling requirements. Absent Plaintiff's own urgings, Defendant Holden-Selby had no indication that Plaintiff had any special medical needs. Additionally, Plaintiff's medical order stated "RMI," which was a designation for a different facility. Therefore, there is insufficient evidence to support this claim against Defendant Holden-Selby.

7

Plaintiff's fourth objection alleges that Defendant Cady retaliated against him for his grievances by placing Plaintiff in a Level IV cell after his return from the hospital. However, Plaintiff has failed to exhaust this claim, so he cannot raise it here.

Plaintiff's fifth objection accuses Defendants of withholding grievances past their due date. He alleges that he was unable to exhaust all of his claims because they were being withheld. However, the MDOC's grievance procedure states that when a prisoner does not receive a response to his grievance, he is to treat the lack of a response as a rejection of the grievance, at which time he is entitled to appeal the decision. Therefore, this objection has no merit.

Plaintiff's sixth objection claims that Defendant Holden-Selby should have moved him after he told her of his medical needs, and her failure to move him constitutes deliberate indifference. However, as mentioned above, Plaintiff fails to allege sufficient facts demonstrating that Holden-Selby was aware of his serious medical needs.

Plaintiff's seventh objection is that he ordered medical shoes for health reasons, but he has not yet received them. As this was not alleged in the complaint, this objection is irrelevant.

Plaintiff's last objection is that Defendant Holden-Selby lied in her affidavit, and relying on that affidavit is improper because she has lied in affidavits in the past. Plaintiff cites to *Lyons v. Holden-Selby*, 729 F. Supp.2d 914 (E.D. Mich. 2010). However, Plaintiff provides no evidence that any of the information in Defendant Holden-Selby's affidavit is false. Therefore, this objection is also without merit. Accordingly, based on the foregoing reasons, Plaintiff's objections are overruled.

**IV.    CONCLUSION**

For the reasons set forth above, Magistrate Judge Charles Binder's report and recommendation [# 57] is accepted and adopted as this Court's factual and legal conclusions.

Defendants Cady's and Holden-Selby's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [# 21] is GRANTED. Defendants Cady and Holden-Selby are dismissed from this cause of action.

SO ORDERED.

Dated: July 2, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE