UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE PUGH,

    Plaintiff,                                          Case No. 12-cv-12357
                                                            HON. GERSHWIN A. DRAIN

v.

KELLY HOLDEN-SELBY, *et al.*,

    Defendants,
_____/

**<u>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [# 63],
DENYING DEFENDANT HUNTER'S MOTION FOR SUMMARY JUDGMENT [#40]
AND GRANTING DEFENDANT ENGSTROM'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [# 47]</u>**

**I.    INTRODUCTION**

On May 31, 2012, Plaintiff, Terrance Pugh, a Michigan state prisoner, filed this § 1983 civil rights action asserting an Eighth Amendment denial of medical care claim, a First Amendment Retaliation claim, and state law claims against Kelly Holden-Selby, Jenny Engstrom, Richard Cady, Joyce Hunter, Debra Scutt, and Richard Miles[1], all employees at the Michigan Department of Correction's (MDOC) G. Robert Cotton Correctional Facility. Before the Court is a report and recommendation by Magistrate Judge Charles Binder, dated August 20, 2013. *See* Dkt. No. 63. Magistrate Judge Binder recommends granting Defendant Engstrom's Motion to Dismiss and denying Defendant Hunter's Motion for Summary Judgment. On August 27, 2013, Defendant Hunter filed an objection to the magistrate judge's report and recommendation. *See* Dkt. No. 64. On August 29, 2013, Plaintiff filed objections to the

---

[1] Defendants Debra Scutt, Richard Miles, Kelly Holden-Selby, and Richard Cady have been dismissed from this cause of action. *See* Dkt. Nos. 7, 30, and 62.

magistrate judge's report and recommendation. *See* Dkt. No. 65. On September 5, 2013, Plaintiff filed an objection to Defendant Hunter's objection to the magistrate judge's report and recommendation. *See* Dkt. No. 66. For the reasons set forth below, the Court accepts and adopts Magistrate Judge Binder's report and recommendation, overrules Defendant Hunter's objections, denies Defendant Hunter's Motion, overrules Plaintiff's objections, and grants Defendant Engstrom's Motion.

## II.     PROCEDURAL AND FACTUAL HISTORY

The incidents giving rise to this action began on April 13, 2011, when Plaintiff was transferred to the G. Robert Cotton Correctional facility. Upon his arrival at the facility, he was assigned to an upper-level, top bunk cell. Plaintiff told the officers at the facility that he had a medical order requiring him to receive a ground-floor, bottom bunk cell because of a broken foot, but Defendants did not switch Plaintiff's assignment. Plaintiff filed grievance number JCF-11-05-0889-03f after this incident, alleging that Defendant Holden-Selby "disrespected" him by telling him he should lose weight. On May 9, 2011, Plaintiff fell down about five or six stairs, causing injury to his back and reinjuring his foot. Plaintiff was brought to the hospital because of the injury, and when he returned to the facility, he was reassigned to Level IV housing from Level II housing because there was no available cell in Level II to accommodate Plaintiff.

Plaintiff contends that there were appropriate cells available and that the reassignment was in retaliation for prior complaints. Plaintiff was moved back to Level II housing once space was made available. Because of this reassignment, Plaintiff filed grievance number JCF-11-05-0890-21c, where he complained that the transfer was cruel and unusual punishment.

Plaintiff was subsequently issued a wheelchair because of his injury. Shortly after receiving the wheelchair one of the wheels broke, leaving only three working wheels. Plaintiff

informed the officials at the facility that the chair was broken, but there was no replacement available, and it could not be fixed on site. The officials informed Plaintiff that he could either stop using the wheelchair or he could use it with three wheels. Plaintiff filed grievance number JCF-11-07-1495-12i3, where he alleged that leaving him with a broken wheelchair that "[caused his] ribs to hurt from being stuffed in it" was a form of cruel and unusual punishment. Because the wheelchair was broken, Plaintiff fell and injured himself and was brought to the hospital once again. The medical records show that Plaintiff suffered a mild concussion as a result of this accident.

On July 29, 2011, Plaintiff was issued a medical detail to receive meals in his cell because of his injury and inoperable wheelchair. The detail was scheduled to expire on August 5, 2011, but was cancelled by Defendant Hunter on August 3, 2011. Plaintiff received a replacement wheelchair on August 5, 2011. Plaintiff claims that he missed meals during this period and the missed meals were a form of cruel and unusual punishment.

Plaintiff also filed a number of other grievances, but they are irrelevant to the matters presently before this Court.

### III. ANALYSIS

#### A. Standard of Review

The standard of review to be employed by the Court when examining a report and recommendation is established in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

**B. Report and Recommendation Regarding Defendant Hunter's Motion for Summary Judgment [# 40]**

The magistrate judge recommended that Defendant Hunter is not entitled to summary judgment because the evidence is not so one-sided that one party must prevail as a matter of law. The Court agrees with the magistrate judge's conclusions. The evidence offered by both parties presents a sufficient disagreement to require submission to a fact finder. Therefore, the magistrate judge properly concluded that Defendant Hunter's Motion for Summary Judgment should be denied.

Defendant Hunter argues that Plaintiff has not established an Eighth Amendment violation. The Supreme Court held in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), that the deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment to the U.S. Constitution. *Id.* at 104-05. The Court explained that "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106.

A claim of deliberate indifference encompasses both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). The objective inquiry asks whether the deprivation was sufficiently serious and the subjective component asks whether the officials acted with a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298. The state of mind required for the subjective inquiry is one that evinces "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005)

(quoting *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994)). Mere negligence will not suffice. *Daniels v. Williams*, 474 U.S. 327, 330-33, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). In other words, it must be shown that "the defendant was aware of the risk of harm." *Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d 811 (1994)). The government official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Finally, the government official must have "disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff claims that Defendant Hunter was deliberately indifferent to his serious medical needs when she cancelled his in-cell meal detail. Defendant Hunter was aware that Plaintiff was under medical orders to use a wheelchair for distance travel until September 16, 2011, and that Plaintiff did not have an operable wheelchair on August 3, 2011 when she cancelled the in-cell meals. Defendant Hunter, in her affidavit, states that the meal detail was issued by an RN without an appropriate evaluation and the issuance was not within the RN's range of duties. *See* Dkt. No. 40, Ex A. Defendant Hunter further states that she believed that Plaintiff "could walk from his housing unit to the chow hall and therefore in-cell meals were unnecessary." *Id*. It is unclear from the record why the RN could not issue the in-cell meal detail or why Defendant Hunter is better qualified to evaluate Plaintiff's ability to walk. The identification of the distance between Plaintiff's cell and the chow hall may aid in the determination of the reasonableness of Defendant Hunter's actions; however, neither party has brought this distance to the Court's attention. A reasonable jury could infer deliberate indifference based on Defendant Hunter's actions.

## C. Defendant Hunter's Objection [# 64]

Defendant Hunter raises one objection, which mischaracterizes the reason that the magistrate judge recommended denying her Motion for Summary Judgment. The objection states that it was erroneous for the magistrate judge to conclude that Plaintiff's in-cell meal detail did not have a stop date. The Report states that medical records submitted by Defendant Hunter indicate that the in-cell meals were ordered by a registered nurse March 23, 2011 and there was no stop date for the detail. This is incorrect; page 7 of Document 41 indicates that an in-cell meal detail was cancelled on March 23, 2011, the date that the detail started is not indicated. (ID 444). This error was harmless and its reference in the Report is irrelevant, because the in-cell meal detail that is the subject of Plaintiff's claim against Defendant Hunter is the detail that was issued on July 29, 2011.

Defendant Hunter also argues that Plaintiff only missed two (2) meals due to the cancellation of the in-cell detail. While Plaintiff concedes to receiving breakfast on August 3, 2011, Defendant Hunter's own affidavit indicates that Plaintiff did not receive a replacement wheelchair until August 5, 2011. *See* Dkt. No. 40, Ex. A. Therefore; assuming Plaintiff was given his new wheelchair in time for breakfast on August 5th, 2011, Plaintiff missed five (5) consecutive meals during this period.

Defendant Hunter argues that the missed meals cannot constitute an Eighth Amendment violation relying on *Davis v. Miron*, No. 12-1238, 502 F. App'x 569 (6th Cir. Oct. 23, 2012). In *Davis*, a prisoner was denied seven meals over six days and the Sixth Circuit using one sentence stated "the alleged deprivation d[id] not rise to the level of an Eighth Amendment violation." *Id*. at 570. The present case is distinguishable.

The *Davis* court relied upon *Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982). In *Cunningham*, the Sixth Circuit affirmed a district court's ruling that one meal a day was sufficient to maintain normal health. The defense in *Cunningham* presented evidence that the one meal served possessed between 2,000 and 2,500 calories and the plaintiff offered no evidence to rebut the defense's assertion. The present case is distinguishable for two reasons. First, Plaintiff missed at least five (5) consecutive meals. Second, Defendant Hunter has not produced any evidence that the breakfast consumed by Plaintiff on August 3, 2011 was sufficient to maintain his health until August 5, 2011. Given the factual differences Defendant Hunter is not entitled to Summary Judgment on this issue.

To the extent that Defendant Hunter argues that Plaintiff has failed to demonstrate that she possessed a culpable state of mind, summary judgment is still improper. To show deliberate indifference the government official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Finally, the government official must have "disregarded that risk." *Comstock*, 273 F.3d at 703. Defendant Hunter was aware that Plaintiff was under medical orders to use a wheelchair for long distances and that Plaintiff had no wheelchair when she cancelled his in-cell meal detail. Defendant Hunter's conduct raises issues of fact to be decided by a jury. Accordingly, based on the foregoing reasons, Defendant Hunter's objection is overruled. Defendant Hunter's Motion for Summary Judgment is denied and the report and recommendation is accepted and adopted.

### D. Plaintiff's Objection to Defendant Hunter's Objection [# 66]

Plaintiff filed an objection to Defendant Hunter's objection. Defendant Hunter's objection is overruled; therefore Plaintiff's objection is moot.

7

E.  **Report and Recommendation Regarding Defendant Engstrom's Motion to Dismiss, or in the Alternative, for Summary Judgment [# 47]**

The magistrate judge recommended that the court grant Defendant Engstrom's Motion for Summary Judgment because Plaintiff failed to exhaust his administrative remedies with regard to his allegations against Defendant Engstrom. Plaintiff successfully exhausted his administrative remedies as to seven grievances; however, none of the properly exhausted grievances relate to any claims raised against Defendant Engstrom. Therefore, the magistrate judge properly concluded that Defendant Engstrom's Motion for Summary Judgment should be granted.

Prisoner civil rights claims like the present claim are subject to the Prison Litigation Reform Act. This act states that "[n]o action shall be brought with respect to prison conditions under § 1983… by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In order to exhaust a claim, the prisoner must follow all of the steps of his correctional facility's grievance process, because he "cannot abandon the process before completion and claim that he exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Prisoners must properly exhaust their claims, which means complying with the facility's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81 (2006).

The Michigan Department of Corrections' procedure for grievances has three official steps. *See* MDOC Policy Directive ("PD") 03.02.130 (eff. July 9, 2007). Prior to filing a grievance, an inmate must attempt to verbally resolve the dispute with those involved within two days. MDOC PD 03.02.130(P). If the attempt is impossible or unsuccessful, the inmate must submit a Step I grievance form within five days. MDOC PD 03.02.130(v). If the grievance is accepted, the prison staff is required to respond in writing within fifteen days. MDOC PD

03.02.130(X). If the inmate is not satisfied with the result, or did not receive a response, he must file a Step II appeal within ten business days. MDOC PD 03.02.130(BB). If the inmate is not satisfied with the response or does not receive a response within fifteen days, he must submit a Step III appeal to the Prisoner Affairs Section. MDOC PD 03.02.130(FF). Once he has filed the Step III appeal, the prisoner has completed the administrative grievance process and fully exhausted his remedies.

None of the seven properly exhausted grievances accuse Defendant Engstrom of taking or participating in any action resulting in harm to Plaintiff. In order to state a claim pursuant to § 1983, Plaintiff must demonstrate that a person acting under color of state law deprived him of his federal rights. 42 U.S.C. § 1983. It is not enough for Plaintiff to merely allege a constitutional violation without support from material facts. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987). Plaintiff must show that each Defendant, through their own actions, violated the Constitution. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The only wrongful act alleged against Defendant Engstrom is that her response to his grievance was "full of blatant lies and coverups…." This allegation does not amount to a constitutional violation. *See Lee v. Mich. Parole Bd.*, No. 03-1775, 104 F. App'x 490, 493 (6th Cir. June 23, 2004) (Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *see also Laster v. Pramstaller*, No. 5:08-cr-10898, 2011 U.S. Dist. LEXIS 115154, *20-24 (E.D. Mich. Sept. 7, 2011) (collecting cases).

### F. Plaintiff's Objections to Report and Recommendation [# 65]

Plaintiff raises six objections. The Court finds that none of the objections have merit; therefore, his objections are overruled.

Plaintiff's first objection concerns grievance number JCF-11-05-0807-17e. This objection discusses the problems between Plaintiff and Defendant Holden-Selby.[2] Plaintiff admits that Defendant Engstrom is not mentioned in the body of the grievance and that "the two didn't meet and discuss said issues." (ID 588). Due to Plaintiff's own admission this objection is irrelevant.

Plaintiff's second objection concerns grievance number JCF-11-05-0890-21c. This objection states that Defendant Engstrom "signed off for an increase in the plaintiff's level of custody… this was… a form of cruel and unusual punishment…" (ID 588). The grievance itself does not accuse Defendant Engstrom of participating in the increase in Plaintiff's level of custody. In fact, Defendant Engstrom is not mentioned in the body of the grievance at all. Therefore, this objection is overruled.

Plaintiff's third objection concerns grievance number JCF-11-05-0889-03f. This objection accuses Defendant Engstrom of having knowledge of all of Plaintiff's problems. Again, Defendant Engstrom is not mentioned in the body of the grievance; therefore, the objection is irrelevant.

Plaintiff's fourth objection concerns grievance number JCF-11-07-1495-12-i3. Plaintiff states that this grievance does not pertain to Defendant Engstrom; therefore, the objection is irrelevant.

Plaintiff's fifth objection concerns grievance number JCF-11-05-0895-27a. This objection accuses Defendant Engstrom of covering up for a co-worker in violation of 18 U.S.C. § 1001. This grievance was not discussed within or attached to Plaintiff's complaint. Nor was it addressed by Magistrate Judge Binder or listed in the MDOC Prisoner Step III Grievance Report. *See* Dkt. No. 21, Ex. B. Plaintiff does not indicate why this grievance has not been previously introduced. Plaintiff has not attached a copy of the grievance to his objections for review by the

---

[2] Defendant Holden-Selby's Motion for Summary Judgment was granted on July 22, 2013.

Court. In any event, the time to introduce a new grievance in support of his claims elapsed prior to the magistrate judge's report. Therefore, this objection is irrelevant.

Plaintiff's sixth objection concerns grievance number JCF-11-0021560-17b. This grievance was not discussed within or attached to Plaintiff's complaint. Nor was it addressed by Magistrate Judge Binder or listed in the MDOC Prisoner Step III Grievance Report. *See* Dkt. No. 21, Ex. B. Plaintiff does not indicate why this grievance has not been previously introduced. Plaintiff likewise failed to attach a copy of the grievance to his objections, however even if he had provided the Court with the grievance identified in his sixth objection, the time to introduce the grievance in support of his claims elapsed prior to the magistrate judge's report. Therefore, this objection is irrelevant.

### IV. CONCLUSION

For the reasons set forth above, Magistrate Judge Charles Binder's report and recommendation [#63] is accepted and adopted as this Court's factual and legal conclusions.

Defendant Hunter's Motion for Summary Judgment [#40] is DENIED. Defendant Engstrom's Motion for Summary Judgment [#47] is GRANTED. Defendant Engstrom is dismissed from this cause of action.

SO ORDERED.

Dated: October 30, 2013

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE