UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE PUGH,

       Plaintiff,                           Case No. 12-cv-12357
                                                   Honorable Gershwin A. Drain

v.

KELLY HOLDEN-SELBY, *et al.*,

       Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EXTRANEOUS FACTS, ARGUMENT OR REFERENCES TO THE PLAINTIFF'S CRIMINAL HISTORY [#94]

Presently before the Court is the Plaintiff's Motion *in Limine* to Exclude Extraneous Facts, Argument or References to the Plaintiff's Criminal History, filed on September 29, 2014. Defendant filed an Objection[1] to Plaintiff's present motion on October 13, 2014. For the reasons that follow, the Court will grant Plaintiff's motion.

The only remaining claim in this 42 U.S.C. § 1983 action is the Plaintiff's Eighth Amendment denial of adequate medical care claim. Specifically, Plaintiff alleges that Defendant Joyce Hunter was deliberately indifferent to his serious medical needs when she cancelled his in-cell meal detail despite her knowledge that Plaintiff's foot and back were injured and the only available wheelchair was inoperable. Plaintiff suffered missed meals as a result of Defendant's Hunter's purported punitive action because Plaintiff was unable to walk to the chow hall.

---

[1] Defendant labels her Response as "Objections to Plaintiff's Motion in Limine," however in her response she states that she "has no objections to not referencing [Plaintiff's] record, assuming that Plaintiff does not open the door to that issue." *See* Def.'s Resp. at 2.

In his present motion, Plaintiff maintains that his conviction and criminal history must be excluded from trial because they are irrelevant to the issues before the Court. Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401.

The conviction giving rise to Plaintiff's current sentence of imprisonment, as well as his criminal history are irrelevant to the issues herein-whether Defendant Hunter was deliberately indifferent to Plaintiff's serious medical needs. *See Jefferson v. County of Wayne*, No. 05-73849, 2008 U.S. Dist. LEXIS 25512, *5 (E.D. Mich. Mar. 31, 2008) (concluding that the plaintiff's criminal history is irrelevant to her Eighth Amendment "quality of medical treatment" claim and granting her motion *in limine*).

Accordingly, Plaintiff's Motion *in Limine* to Exclude Extraneous Facts, Argument or References to the Plaintiff's Criminal History [#94] is GRANTED. Defendant is precluded from introducing any evidence detailing Plaintiff's criminal record, including the conviction underlying his current sentence of imprisonment.

SO ORDERED.

Dated: October 16, 2014                                    /s/Gershwin A Drain
                                                           GERSHWIN A. DRAIN
                                                           United States District Judge